His name is Quicken Loans versus Alig and whenever you're ready, Mr. Fetter, we'll hear from you. Thank you, Your Honor. May it please the Court, I'm Mayor Fetter. I represent Quicken Loans. Your Honor, the District Court erred in several ways in holding that this case was a local controversy under the Class Action Fairness Act. That local controversy exception is a narrow one. It applies only when there is at least one defendant who is a significant local defendant under the Act. The District Court here held that this requirement was satisfied by a purported class, defendant class, of unidentified West Virginia property appraisers. There are two basic errors here. The first one is that the plain language of the Act requires an actual defendant and an alleged class, particularly an uncertified class, is not a defendant. Second, even if you could treat an alleged class as a defendant, the alleged appraiser class here is not a significant defendant within the meaning of the exception. I'd like to talk first about the plain language of the statute. Section 1332d4a, which contains the local controversy exception, says, quote, at least one defendant, close quote, who meets the significant relief and significant basis tests. And first of all, I should note that it says – it doesn't even say defendant or group of defendants. It says a single defendant so that – So the question is, did you waive that argument and not bring it up alone? Certainly, Your Honor, the plaintiffs argue that we waived it. And the answer is no, we didn't waive it. And the reason is that only – or at least there are several reasons. The initial reason is that only claims can be waived and not arguments. This is just an additional argument addressing the same question that has been raised all along in this case. You raised a claim below. You did raise a claim below. The claim, yes, and I think that the important distinction – You did argue. That we did not raise the argument that a class can't be a defendant. Judge Wynn's question is, did you waive it as a result of that? Yes, Your Honor. And I think that the answer to that is no, we did not waive it as a result of that because it is not a separate claim or separate issue. It is all part of the very same thing that we were arguing all along and that the district court was addressing, which is answering the specific question under this particular sub-subsection of the statute, which is does this alleged defendant class satisfy the requirement that – You got the Murph case out of this court. You got the Yee case you're dealing with on the Supreme Court, but a lot of courts interpret it differently. You got the Murph case. And so you get in this business of issues and arguments before the trial judge. You make two arguments. All these briefs come up there. Nothing there. Everybody just basically joined in. What's there? You make two arguments. Those two arguments are presented otherwise in here. And this one argument or issue is really an issue that's tied in to the basis. You never mention it to the trial judge. And he doesn't make that ruling. He affirms on a whole different basis the two that you bring up. And now on appeal, you said, well, trial judge, error because you didn't consider this. Well, you didn't tell him that. And I don't know where this goes. If we do this, then I see a lot of implications in criminal cases. Emotions are suppressed. I hear that all the time. You didn't make that argument below, the constitutional side of it. But now you want to say you come up here and say you do it, the old swapping the horse business or changing. And I don't – where does this go? I mean, if we go in a direction – because this is clearly a different ground. These are three different bases upon which it can go on. And this one is different altogether, but you didn't mention it in the argument at all below. And that's certainly right, Your Honor. And I'm not going to pretend that it was mentioned or that there was some allusion to it. So how could he have erred in not doing it if he didn't even have it before? Well, I guess, first of all, what I would say is that I think the case from this court that you're referring to, which I always have trouble pronouncing. How do you pronounce it? Yeah, well, we're in the same boat. I have trouble with it as well. As I recall that case, I think that in part it relies on a specific provision in the criminal rules about having to raise particular arguments for suppression. There's a statute of limitations in the case. This guy comes up here and says, no, it's continuing injury, which is really just a different argument. He's saying the same thing. He says, this is just a different argument. It's the same. We made a claim on a statute of limitations. And the reason now on appeal we're going to say it's a continuing injury. Why is that not the same thing? You made this same claim below. Now you want to say to the defendant, won the defendant the deal. I don't see the difference between a continuing injury with statute of limitations and this in this case. Well, look, certainly, Your Honor, there is no bright analytical line that anyone's ever been able to draw between when a claim verges over into an argument or vice versa. But I think that the way certainly what the Supreme Court has said is that we don't just throw up our hands and that we do make the distinction. I think the Yee case is a useful example of how it's done because there they basically distinguish between two different arguments. Wasn't that about certiorari jurisdiction as opposed to appellate jurisdiction? I don't think that's right. There are different parts of the opinion, and it's been applied by courts of appeals in cases that we cite in our brief well beyond certiorari jurisdiction. Basically, the distinction there is you've got a takings claim where they had argued it was a physical taking. They wanted to argue that it was the new argument was that it was a regulatory taking, and they also wanted to argue it's a due process violation. The Supreme Court says due process violation is different from a takings argument. It's a different provision. That is waived. But even though the regulatory takings argument is completely different in character from the physical taking argument, because it's still a takings argument, it's preserved. There are other cases that we've cited. For purposes of appellate jurisdiction? Yes. They didn't say that, did they? Yes. I do think if you read the- Was that for certiorari, a question of whether or not certiorari would issue on it? No. I do believe if you look at it, in particular because they're addressing something coming out of a state court, they definitely had the issue before them. There is a distinction in the opinion. There are two parts of it. One of it discusses the certiorari aspect, but one discusses the appellate jurisdiction aspect. Let me just quickly try to make a couple of other points about this. In trying to draw that line, which the courts in all these cases have said does have to be drawn, it's worth noting-I mean, this is a very narrow question that is at issue. It's worth noting how the district court itself raised the question. If you look at page 8 of the opinion, which is at 316 of the joint appendix, the district court says the only thing in dispute is, quote, whether the class of appraisers qualifies as a significant local defendant, close quote. This is one more argument in support of why it's a different argument, but it's certainly going to that very question. And there's other language at page 4. Is there an issue that this is jurisdictional? And I'm not sure if it's subject matter jurisdiction or not, but if it is, we can look at it sua sponte. Well, Your Honor, I think certainly if it were an argument that there's no jurisdiction, you could. The statute says a district court shall decline to exercise jurisdiction if these conditions exist. And it seems to me this is under Title 28, Section 1332, which is a jurisdictional provision. The question is whether we can look at it despite the fact you raised it. It seems to me you have two arguments. One, you're saying that the district court described the issue in a manner that includes your argument. Yes, correctly described. I think there's a little bit of sandbagging of the district judge if we do it, but I think we ought to get on with the argument. We still have to address that, and we'll hear from your opposition on that. Yes, Your Honor, and I think it's important to know that there's no question that this court can reach it. That first argument is just about whether it's preserved so that it's not even a discretionary call, but certainly this court can reach it. It is a pure question of law. But even the jurisdictional aspect of it, what makes this a different case is in not even presenting it to the district court, there's no even determination here that this is even the case. I mean, no one has even looked to see if it's one or whatever because you didn't even point it in that direction, and it just seems to be on all fours with a bunch of cases. I think if we go differently in the direction you're going here, it has far-reaching implications on what can come before this court in terms of what you say is an argument or what you say is just an issue on a general claim you've made when you've only specifically in every document and before the district court argued those two other grounds, but not this one. Now you're on a separate ground before us, and you say jurisdictional. Well, how is it jurisdictional if you didn't even give the court a chance to even determine that it exists? I mean, it may well have been. I appreciate that. Because it's not established by any clear case. You've got to make that determination. Given my limited time, I would like to try to move beyond this. I think it's important for you to deal with this. I agree, Your Honor. I need you to articulate something to me. I guess what I'd like to say, first of all, is I don't mean to suggest criticism of the district court for not addressing this argument that wasn't presented to the district court, but even aside from anything you were going to say about jurisdictional, about preservation of arguments as opposed to issues, there are not necessarily implications for other cases. I don't think the others are on all fours, but there are entirely separate grounds on which this court should reach the issue, jurisdictional or not. It is a pure question of law, of interpreting a statute, in which the courts can always say what the proper meaning of a statute is, even if it's not raised on appeal, let alone the situation we have here where it is raised on appeal. There is no prejudice here. Plaintiffs have had every chance to address it, and it's important for the courts to address the actual statute that Congress wrote and not a hypothetical one that permits classes to satisfy something that is written in a way that doesn't permit it. There's also the plain error doctrine that this court will apply in civil cases, and again, I think the language couldn't be plainer. There is no contention that an uncertified class is a defendant. Well, as to the one defendant exception, can it be satisfied by aggregating the claims of multiple defendants? Your Honor, I think under the language of the statute, it can't. I think that there are reasons that Congress may have chosen to do it that way, perhaps understanding that usually it's the large defendants that plaintiffs are really after in a case, and that aggregating defendants might just be a way of pleading around CAFA, and artful pleading to get rid of federal jurisdiction is something Congress was concerned about. I think when they said a single defendant, they meant it. Well, they said at least one defendant, which seems to indicate that among multiple defendants, you have to have at least one of them. Yes, Your Honor, but even if you somehow read that as saying you could aggregate, there is no usage of the word defendant in which an uncertified class or class member is a defendant. But I think it's also important to get to the point. I mean, I do think that the – Tell me about that pure question of law. Cite me that case that you're talking about. If it's a pure question of law, you didn't present it below, we get to do it on appeal. I'm making a motion to suppress and all kinds of things there. I just see where pure questions of law come up here all the time. You didn't bring it below and give that district court a chance to deal with it. These are the cases cited at pages 7 to 8 of our reply brief. Actually, I guess I should say that was the first one, pages 9 to 11 of our reply brief. And there are a number of cases on that point from courts of appeals and the Supreme Court. But also I think just, you know, very important to get to the second part here, which is even if you do get to what the district court did address here, district court decided this case and said that this class was a significant defendant on understanding of the claims that is just incorrect. And if you look at the complaint, the complaint does not contain, as we've set out in detail in our brief, I see my light has gone on, we've set out exactly how the claims actually alleged in this complaint are so much narrower than the ones the district court perceived there that there was actually, even under the terms addressed by the district court, there was no way the district court assumed that there were claims of this appraiser class issuing false appraisals. That is nowhere in the complaint. The complaint alleges only the very narrow conduct that these absent purported class members accepted appraisal forms from Quicken Loans that contained an estimated value. And that's it. That's very different from saying that this is a class of people that issued inflated appraisals, and that's not something alleged here, and it couldn't conceivably be alleged here or anywhere on a class basis because you'd be talking about having to tell whether a series of loans by all these people not before the court that they were not exercising good faith in issuing these appraisals. In any event, it's not alleged here whether it could or couldn't be on a class basis. I think you'll have to reserve that for your rebuttal.  Mr. Barrett. Thank you, Your Honors. John Barrett, Charleston, West Virginia, for the ayligs and the shays. And with me is Jason Causey from Wheeling, West Virginia. First, I'd like to address the issue of the implications of allowing this argument to be raised in reviewing at DeNovo, which I believe is what we're going to be reviewing today. Council is requesting that you do. If this sort of thing were to be allowed, not only would the district court, in response to a motion to remand or any other motion for that matter, have to turn over every stone to address the arguments that were raised, but actually would have to go out and look for stones. Well, you know, I don't know if this falls in that category, but we have numerous times recognized jurisdictional problems that no one in the case raised. The district court, none of the parties, and thrown cases out. And I've actually been involved in some of those. And so when it comes to the jurisdiction of the court, the power of the court, Congress specifies we can only act when it's given to us. And I don't know if that applies in this case. But in this case, the court did make a determination that this was not a defendant from whom relief is sought by a member of the class. And it assumed it was talking about a defendant class. While they didn't raise it, it's a strange proposition when the statute makes a clear distinction between members of a proposed class and the parties themselves. The statute is very careful about talking about, for instance, greater than two-thirds of the members of the proposed plaintiff classes. There they're talking about proposed members of the plaintiff's class have to satisfy certain requirements. And then it says at least one defendant must satisfy these criteria. And one of the criteria is that the relief has to be obtained, significant relief has to be obtained, the significant basis for the claims asserted has to be against one defendant, at least one defendant. And I think it's somewhat peculiar that Congress loaded one defendant in that fashion. I believe at least one defendant could be two defendants. It doesn't say that. It actually uses the numerical one. It says at least one, and then it uses the Arabic one, defendant. That's pretty explicit. All right. If I may address the issue of whether the court can address jurisdictional issues sua sponte. That was a question that came up, and I believe you mentioned that. Yeah, and I'm not sure that's applicable here. But I raise it because we are doing a jurisdictional issue in an area where the courts continue to issue opinions and have difficulties. I would say that it is not applicable here. It is applicable when there are defects in jurisdiction. If the district court had said there was jurisdiction, this court would have the ability to look at that determination. That's probably the best argument to suggest that here's not a question of the court asserting jurisdiction. It's declining. Right, and the district court doesn't have the obligation to, nor does this court, to assert arguments on behalf of, in support of jurisdiction that weren't raised. But that all said, this is one of those jurisdictional provisions that Congress was developing in order to sort out the federal class, the nationwide class actions and the local class actions. And I must say this looks like a local class action for a lot of reasons. And were it not for the statutory language that troubles me so much, I would think that the fact that the appraisers all have to be dealing with West Virginia borrowers, even though each one had a separate appraiser, seems to me would still make it local. They're providing in connection with a West Virginia transaction. And my instinct would be this is local and the court got it right. What really causes me the problem is I'm not sure Congress wrote it that way. They talked about defining the plaintiff class as not only a certified class, but a proposed class. As to the defendant, they didn't do that at all. And they don't talk about a class. They don't talk about members of the class. They talk about the one, at least one defendant. And I'm not sure if I'm right about that, whether you could satisfy that requirement in this case. If at least one defendant means at least one defendant, as distinct from at least one member of a defendant class. Now when it came to plaintiffs, they talked about members of the plaintiff class, but a defendant is a different term. So if that means one of the defendants has to satisfy AA and BB, I don't think most of your relief is coming from any one appraiser. One of the named defendants in the case, Mr. Guida, has performed at least 100 appraisals as we alleged in the complaint. So he, I think if you apply the plain language of the term significant, I think that one could conclude that we are seeking significant relief with respect to that defendant alone. But let me address the broader question. Does the record indicate about how large the plaintiff class is? It does, Your Honor. There was an affidavit in support of the notice of removal that stated, I believe there were 4,600 loans that were issued during this time by Quicken in West Virginia. I believe it was a 10-year period. It's an exhibit, an affidavit that Quicken's… Is there a statute of limitations constraint? 10 years sounds long. There is a West Virginia statute of limitation regarding mortgage loans as one year beyond the expiration of the last scheduled payment, which is extraordinarily long. There's been some more recent development. I'm not as up on that issue as I could be, Your Honor. I apologize for that. Well, I'm just trying to figure out what we're talking about numbers, and you're saying that Quicken used the same appraiser on a lot of them. Yes. And why don't you just name all the appraisers? Because we don't know who they are, Your Honor. You could say John Does. You could say A, B, C, and John Does. I suppose we could have said that. I think we would have been here again saying… Well, the problem is the statutory language, and I don't know. Maybe you should address that. And let me address that. First of all, Your Honor, I think you're looking at it from a de novo standpoint, which is perfectly appropriate. You want to understand… Well, I know all the other issues with the waiver and everything else issues, but I just want to know what CAFA means now, according to you. What CAFA means, Your Honor, and actually this would be according to you in your most recent decision, McGraw v. CVS. Yeah, I remember that. Yes, I was standing before you. Oh, were you? Yes, I was. Welcome back. Thank you. Good to be back. Different context, but Your Honor said that CAFA Section 2 indicated that Congress intended to provide a federal forum for cases of interstate importance. What was the exact language? Provide for federal court consideration of interstate cases of national importance. That, Your Honor, is the purpose of CAFA, interstate cases of national importance. And so what does that mean? That may mean, for example, that we have a case in West Virginia, there's a case in Ohio, there's a case in Kentucky, there's a case in Pennsylvania, and all of these claims, all of these cases are pled to avoid federal jurisdiction, but they're the same claims. In this case, this is, to my knowledge, this is the only case, class case, alleging these kinds of claims. And that's important because one of the requirements of the local controversy exception is that there be no other similar cases presented within the previous three years. As I said to you, I think you have your classes defined by West Virginia borrowers, your properties are in West Virginia, you've raised West Virginia issues, and it rings true as a local case. And I would guess if the committee in Congress were looking at your case, they'd say, we want to include this. And you say, but you didn't include it in the language. They might adjust the language. And so I have that sense about the case, and I think Judge Bailey had that sense about the case. And no one pointed out this language, but it has to be a class action in which at least one defendant is a defendant from whom significant relief is sought by members of the plaintiff's class whose alleged conduct, again, the one defendant, forms a significant basis for the claims asserted by the proposed plaintiff's class. So the whole class has to be seeking, and your whole class is not seeking relief from anyone appraiser. I would actually disagree with regard to the relief is sought provision. The question is whether relief is sought by members of the class. It doesn't say by the class. It says by members of the class. And, of course, the Aligs and the Shays are members of the class. So I believe we're talking about two different issues. The significant conduct. Significant conduct is not a – it's kind of a term like reasonable. It is almost in the eye of the beholder, but I think one can – That last one, from whom – this is one defendant from whom significant relief is sought by members of the plaintiff's class. Correct. And I think one can certainly read that and say members of the plaintiff's class are the Aligs and the Shays. All right. And the next one is a defendant whose conduct forms a significant basis for the claims asserted by the proposed class. Right. And the defendant whose conduct forms a significant basis for the claims asserted by the proposed class, that is, that gives us the right to bring this case as a class action, is named as a defendant, Mr. Guida, who performed well over 100 appraisals, who was the subject of litigation in West Virginia State Court. So he is the defendant who gives us the ability to bring this case as a class action. Do all of the members of the class have a claim against him? No, they do not. I won't pretend that they do. He's a named defendant? He is a named defendant, Your Honor. Yes. And in understanding the significance of his conduct, I have to mention underlying litigation in West Virginia State Court. Quicken was sued in West Virginia State Court along with the same appraiser in this case, Mr. Guida. And there was a verdict. It was well over $2 million against Quicken alone. There was a settlement with Mr. Guida between the plaintiff and Mr. Guida, and it was a $700,000 settlement. The Supreme Court of Appeals, Quicken argued successfully that all of the damages flow from Mr. Guida's conduct. And so there should be an offset of the $700,000 settlement between the plaintiff and Mr. Guida. So whereas now they're claiming that this appraiser is a peripheral defendant. Well, I gather that just getting to the guts of the allegation, it is that Quicken puts a suggested price on the papers and says, here's a $120,000 home, gives an appraisal. So the appraiser puts in $130,000, knowing that the loan is going to be, needs $120,000. Correct. Whereas had that not been there, the appraiser might have exercised independent judgment and says this is a cottage worth $78,000. That is the allegation. And as a consequence, the plaintiffs got into loans that they couldn't afford, and that it was suggested by Quicken and approved by the appraiser who didn't exercise independent judgment. That's the core of the case, isn't it? Yes, and as a further consequence, the appraiser may not get the job in the future. I mean, these appraisers do. Well, that's their incentive for not exercising independent judgment. Correct, and that is a basis. It's always been the problem. You know, MAIs, they're made as instructed. They're all used to be members of the MAI. But it's been a problem going back before the current crisis. That's right, Your Honor. All right. One final point, if I may, regarding plain error. I think it's interesting to consider whether the plain error doctrine could ever apply such that a court could consider an argument not raised in support of jurisdiction because the- I want to at least understand the jurisdictional aspect of this case. I've been pondering it for a moment. And as I recall, trial judge found that it had jurisdiction of a compa because those three elements were met. In fact, that's undisputed that it got a compa. So then the question that comes up is does the local controversy exception apply so as it requires it to deny jurisdiction? This is the denial of jurisdiction. It already has jurisdiction. And so then you get into the looking of these elements that fit within the local exception. And it says all of them are satisfied. And the only one that's in dispute is the second one. And then insofar as that second one, that's where we run into the question of was this brought up because they make two arguments, one on significant relief and significant basis, which is really, I mean, when you're moving away from the jurisdictional aspect, you've got jurisdiction because compa applies. That's undisputed. Now you're getting into whether the local exception applies. And you look at all the elements there, and everything is being applied, and you get one single argument that comes up. And then a sub-argument under that is to go into the two different categories of significant relief and significant basis. But you don't even mention this third one that now has become so critical on appeal. That's right. I'm just having a hard time understanding what does that got to do with jurisdiction because the court does have jurisdiction to understand COFA from the beginning. The question is must it deny it? And in doing it, you've got one of these elements that's being considered by the court and it's never mentioned, the argument we're hearing now. And that's a basis for jurisdiction? That's right. That's the assertive basis for jurisdiction is the one argument that is not being raised now. That's correct. And I think that's not appropriate for the court to consider that argument, certainly under a de novo standard, if at all. All right. Thank you. Thank you, Mr. Barrett. Mr. Petter. Thank you, Your Honor. Let me say quickly on this whole question of whether it can be reached because it's jurisdictional. Well, COFA had jurisdiction over that, right? I'm not disagreeing with you, Your Honor. It's undisputed. It says it right there. The court had jurisdiction over COFA. Your Honor, I'm agreeing with you. The question is whether the local exception applies. And then he's looking at that and he's got these elements under there and he says, well, the only issue we've got is the second element. And the only issue within the second element are these two instances that you bring up. One is, well, you don't mention it in any of the documents. You don't mention it to the judge. You bring it here. And the only thing you said to the judge was significant relief and significant basis. Now you have another basis that you now want to come up with and say, well, here it is. Somehow that now goes back to the whole fact of why the court is even hearing on jurisdiction. I'm having a hard time buying that. I'm not understanding that. And certainly it's – Is it jurisdiction? Your Honor, no, I'm not making that argument. You didn't make that. I hadn't heard that at all until today. I don't know. That's why I'm trying to understand where does this jurisdiction thing come from? No. Your Honor, your colleague raised a question about whether it can be reached because it's jurisdictional. What I'm trying to say, and I apologize for not being clear because I'm trying to get some points in in limited time, whether or not it's a question of jurisdiction for the reasons stated in our reply brief, and under those cases this court has the authority and discretion to reach this statutory interpretation question, which is a necessary antecedent question to everything addressed by the district court, if it wants to. I do believe the court should want to because for reasons stated in those cases, the court should be addressing the statute actually enacted by Congress, not a hypothetical statute that permits a defendant class to satisfy this. What about the argument that is made that at least one of the appraisers had 100? Yeah. And why isn't that significant? Well, yes. Let me get to that, Your Honor. And there's sort of a narrow point about him and a broader point about the way significance is supposed to be determined under the statute. The narrow point is that, as you point out, the 4,000-something loans over the 10-year period seems like a broad period, but as counsel says, it's a long statute of limitations. But also the 100 cases that he's alleged to have done appraisals in, there's no time period on that in the complaint. Those go back, for all I know, probably before 2002. So you're talking about a very small percentage of the claims of the plaintiff class. And all the cases say it's not just significance in the abstract. Well, significant is not necessarily a quantitative term. It seems to me the heart of the case, they have alleged a bunch of things like not signing documents and doing this. The heart of the case is getting a wrong appraisal on the loans and getting people into loans that they should not be in. That's where the hurt is. And, Your Honor, that's where I have to object most strongly about the liberties being taken with what the complaint says here. The complaint says a lot of stuff, but it includes that, and that's the part that would It does not include that as any sort of class claim against the appraisers. This, first of all, I mean, to the extent that defendant classes are rarely certified, particularly in money damages cases, the whole thing is a bit of a flight of fancy. But the claims against them, and we brought this up prominently in our brief. They didn't rebut it in their brief. The claims against them, despite the rhetoric in their brief, the only claims against them are they received these forms that listed an estimated value. Now, down the road, they undoubtedly want to try to recover damages for Quicken, in some of their cases, allegedly issuing inflated loans. But there is no allegation of that sort in the complaint. There couldn't be any such allegation if we're talking about all of these. And I apologize that I keep coming back to the class, but they're talking about allegations that they've made against people as a class. And there's a reason, presumably, that they did not allege that they all issued false appraisals, because there's no basis for an allegation like that. And even if there were a basis for some of them, you surely couldn't allege it on a class basis. Going back to Mr. Guida, you know, they mention, and the trial judge relied on the significant damages paid by Mr. Guida in that Brown case. There is a huge difference between a case in which the appraiser is alleged to have issued a false appraisal that formed the basis of a loan that caused these damages, and a case like this, where, again, the only allegation against these folks is that they received these pieces of paper, nothing about what happened after they received the pieces of paper, or that they went and issued these false loans. And, of course, the CAFA question turns on what's actually alleged. Last thing, if I may, I said I wanted to have a second answer to your point. In terms of what the provision is getting at in saying that it strikes you, Your Honor, as seeming local, it's important to remember that Congress was saying national importance didn't just mean whether the conduct all involved a particular state or the plaintiffs were all located there. A major concern of CAFA was unfairness or potential unfairness to an out-of-state defendant who, even in a case involving local conduct, would be in state court against a class of local plaintiffs. And so that's why Congress insists on having a real— That argument doesn't make sense if they provide it for a local exception. No, no, that's why it insists—I apologize for interjecting, Your Honor. That's why you have the requirement of a significant—a real local defendant who is a significant— the legislative history says, like by one of the sponsors of the bill, has to be a primary focus of the plaintiff's claims, so that you don't have a bunch of locals named just to keep a case that is basically against an out-of-stater. It's to make a real claim. I mean, you remember the whole thing came out of those Alabama class actions, where a local court was adjudicating the rights of transactions in Alaska and California and every place else. And Congress wanted to make it clear that this had to go beyond— you already had cases where you could already say that it wouldn't be remanded if someone was joined as a sham. Congress wanted a more substantial protection than that. It came against the appraisers for receiving those suggested claims. I suppose it could focus on their misconduct in many ways, maybe conflicts of interest or whatever. But the fact is, it's still the appraisers' transactions in the West Virginia loans that were conducted with West Virginia citizens on their properties in West Virginia, applying West Virginia law. But I don't see that this goes into the realm that Congress was after, these national class actions. Well, again, Your Honor, what I'm trying to suggest to you is that national class actions in the CAFA context did not mean national just in the sense that I think you're using it. And if you look at the allegations as to the named plaintiffs and the particular loans at issue, when you're looking at, say, significant relief, let's say against these appraisers for receiving these pieces of paper which plaintiffs claim they shouldn't, they have to forfeit their appraisal fees, you're talking about appraisal fees of a couple hundred dollars where plaintiffs are seeking voiding of loans of $120,000 to $150,000. And I mean, this is not... Well, it depends what proof is allowed under those allegations. But I would suggest that if they received them improperly, the inference would be that the loan would be challengeable as whether there was undue influence on the appraiser. And the consequence of that, of course, is that people may be underwater before they start. They may not have qualified for the loans had an unsuggested appraisal been there. And where the plaintiffs seek the voiding of the loans, that is relief against... Well, I don't know what the remedy. That depends what the statute says. Yes, Your Honor. Thank you. Thank you. We'll adjourn court for the day and then come down and greet counsel. This honorable court stands adjourned until tomorrow morning at 9.30. God save the United States and this honorable court.
judges: Paul V. Niemeyer, James A. Wynn, Jr., Henry F. Floyd